UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| BRIAN D. OLIVER<br>LA. DOC # 214133 | CIVIL ACTION NO. 2:10-cv-0728<br>SECTION P |
| VS. | JUDGE TRIMBLE |
| WARDEN ROBERT HENDERSON | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Brian D. Oliver filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on April 29, 2010. Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the C. Paul Phelps Corrections Center, DeQuincy, Louisiana.

Petitioner attacks as excessive the 10 year hard labor sentence imposed by the Fourteenth Judicial District Court, Calcasieu Parish, following his guilty plea to a charge of carnal knowledge of a juvenile. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

*Background*

On August 14, 2003 petitioner was indicted by the Calcasieu Parish Grand Jury and charged with aggravated rape. On May 15, 2007, he pled guilty to carnal knowledge of a juvenile and on August 17, 2007, he was sentenced to serve the statutory maximum sentence of

10 years at hard labor. Petitioner's motion to reconsider sentence was denied after a hearing held on February 13, 2008. Doc. 1, p. 8.

Petitioner appealed his sentence to the Third Circuit Court of Appeals, arguing a claim of constitutional excessiveness. On November 5, 2008, the Third Circuit affirmed the conviction and sentence in an unpublished opinion. *State v. Oliver*, 996 So.2d 74 (La. 3d Cir. 2008).

For reasons not explained, petitioner did not file his writ application in the Louisiana Supreme Court until June 6, 2009. Doc. 1, p. 7. On March 12, 2010, his writ application was denied without comment. *State ex rel. Oliver v. State*, 28 So.3d 1022 (La. 2010).

Petitioner signed the instant petition for *habeas corpus* on April 27, 2010, and it was received and filed on April 29, 2010. Doc. 1. Petitioner argues that the sentence was excessive. He also implies that his right to a speedy trial was violated, however, he does not formally argue the claim.

*Law and Analysis*

1. *Limitations – 28 U.S.C. §2244(d)(1)(A)*

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")) provides a one-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields*

*v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period, *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)), and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction to the Third Circuit Court of Appeals. On November 5, 2008, the Third Circuit affirmed the conviction and sentence in an unpublished opinion. *See State v. Oliver*, 996 So.2d 74 (La. 3d Cir.. 2008). In the absence of any evidence to the contrary, it must be presumed that the Third Circuit, following the Uniform Rules of the Courts of Appeal, mailed Notice of Judgment along with a copy of their opinion to petitioner's appellate counsel on the same date that the judgment was rendered.[1]

Pursuant to Supreme Court Rule X, §5(a), petitioner had 30 days following the Third Circuit's mailing of notice of judgment within which to petition the Supreme Court for further direct review.[2] However, petitioner, by his own admission, did not file his petition for *certiorari* in the Louisiana Supreme Court until June 6, 2009 [doc. 1, p. 7], six months after the Rule X deadline had passed. Therefore, his judgment of conviction "became final by . . . expiration of the time for seeking [further direct] review" under 28 U.S.C. § 2244(d)(1)(A) when the 30-day

---

[1] *See* Uniform Rule 2-16.4 ("In every case, one copy of the published or unpublished opinion, when rendered, shall be delivered or mailed to the trial judge, the clerk of the trial court, all appeal counsel of record, and all parties not represented by counsel.") (emphasis added).

[2] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal . . . shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal . . . ."

period for seeking further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired, or, on or about December 5, 2008. *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (noting that, pursuant to Louisiana Supreme Court Rule X, § 5(a), petitioner's "time for seeking further review of his state conviction expired when he did not within thirty days of the Louisiana Court of Appeal's . . . decision, challenge that decision in the state Supreme Court").[3]

Since petitioner's judgment of conviction became final for AEDPA purposes on December 5, 2008, he had one year, or until December 5, 2009 to file his federal *habeas corpus* petition. As noted above, however, he did not file his federal petition until April 27, 2010, and by that time the AEDPA period of limitations had long expired. He did not seek state post-conviction review and therefore, he cannot claim the benefits of statutory tolling as provided by 28 U.S.C. § 2244(d)(2).

   2. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). As recently noted by the Supreme Court, "[t]o be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently,

---

   [3] It does not appear that petitioner either sought an extension of time from the Supreme Court, or permission to file an out-of-time writ application. *Cf. Gilmore v. Baronne Development, LLC*, 791 So.2d 647 (La.

4

and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Nothing thus far supports equitable tolling of the statute of limitations in the instant case. It does not appear that the petitioner was actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. Of course, this is a recommendation and not a final judgment. As shown below, petitioner will be afforded an opportunity to object to this recommendation, and, should he so chose, he should provide evidence and argument to support any claim that his petition is not time-barred, or, in the alternative, that even if it is time-barred, he should be afforded the benefits of either equitable or statutory tolling.[4]

---

2001); *see also Butler*, 533 F.3d at 319; *McGee v. Cain*, 104 Fed.Appx. 989 (5th Cir. 2004).

[4] Even if petitioner can establish that his petition is not time-barred, or that he is entitled to either statutory or equitable tolling, it is unlikely that he could prevail on his excessiveness of sentence claim. As noted, petitioner was sentenced to serve 10 years at hard labor, the maximum sentence set by the Louisiana legislature for the felony grade offense of carnal knowledge of a juvenile. *See* La. R.S.14:80(D). Thus, the sentence complained of falls within the statutory limits. When a state convic has been sentenced to serve a term within statutory limits, a federal *habeas* court proceeding pursuant to 28 U.S.C. § 2254 will not upset the sentence "unless it is so disproportionate to the offense as to be completely arbitrary and shocking." *Bonner v. Henderson*, 517 F.2d 135, 136 (5th Cir.1975); *Smallwood v. Johnson*, 73 F.3d 1343, 1347 (5th Cir.1996). The Supreme Court has recognized that "while [the] gross disproportionality principle is applicable to sentences for terms of years," the precise contours of the "grossly disproportionate" standard are not clear. *Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003). Moreover, the Court has noted that relief based on this principle is "applicable only in the 'exceedingly rare' and 'extreme' case." *Id.* (citing *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)).

A review of petitioner's offense – carnal knowledge of a juvenile – as compared to the sentence imposed, does not appear to establish an exceedingly rare or extreme case that might warrant a finding of a grossly disproportionate sentence in violation of the Eighth Amendment. *See Rummel v. Estelle*, 445 U.S. 263 (1980) (mandatory life sentence imposed following defendant's third felony conviction for obtaining $120.75 by false pretenses did not constitute cruel and unusual punishment). Petitioner was indicted and charged with aggravated rape, an offense punishable by a mandatory sentence of life imprisonment without benefit of parole. *See* La. R.S.14:42. As observed by the Court of Appeal, "the Defendant's sentencing exposure was drastically reduced as a result of his plea agreement." *Oliver*, 2008 WL 4801729 at *2. The Third Circuit also concluded that the penalty imposed herein was not excessive noting,

> A review of the record before us shows the trial court considered all the alleged mitigating factors referred to by the Defendant in his motion to reconsider sentence and determined that the alleged mitigating factors did not exist as claimed by the Defendant. Considering the trial court's compliance with Article 894.1, the evidence adduced at the sentencing hearings, the benefit the Defendant received from his plea agreement,

5

*Conclusion and Recommendation*

Therefore, **IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. PROC. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days**

---

and the jurisprudence cited herein, we find that the Defendant's sentence is not excessive. *Id.* at *3.

It is unlikely that the petitioner can demonstrate that the State court's resolution of the penalty issue was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States as would be required pursuant to Title 28 U.S.C. § 2254(d) as amended by the AEDPA.

**from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing**.

THUS DONE this 24th day of May, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE